IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| TRUST SOLUTIONS, assumed business, name of John A. Pfeifer Trust, | ) ) ) | |
| Plaintiffs, | ) ) ) | Civil No. 08-6011-HO |
| v. | ) ) | ORDER |
| HARTFORD INSURANCE COMPANY OF THE, MIDWEST, | ) ) ) ) | |
| Defendant. | ) ) | |

Plaintiff Trust Solutions is the assumed business name of John A. Pfeifer Trust and, pursuant to an assignment dated February 9, 2001, is the assignee of all claims by SQDL Co. (known as Square Deal Lumber), an Oregon corporation, with regard to the Hartford Policy No. 83UUNSX5358 and SQDL Co.'s interest in Claim No. 730F13077. In December of 2007, plaintiff filed this action in the Circuit Court for the State of Oregon, County of Marion. Plaintiff alleges that:

> On or about March 1, 2000, a shooting took place at the business office of Square Deal Lumber ("Square Deal") at 600 N Water Street, Silverton, Oregon. The business's store manager was killed in the incident and the Square Deal Lumber was closed for three (3) days to allow for a police investigation and cleanup of the crime scene.
>
> The Hartford policy had provided coverage for the actual loss of business income due to an incident such as the one at issue here.
>
> Subsequent to the loss, Square Deal made a written claim on February 9, 2001 to The Hartford under its policy number 83UUNSX5358 for loss of business income due to business interruption suffered as a direct result of the incident on March 1, 2000.
>
> By letter dated December 10, 2001, The Hartford denied coverage of Square Deal's losses.
>
> Pursuant to ORS 746.230, The Hartford has adjusted the claim of Square Deal in bad faith and are therefore liable for all damages suffered by Square Deal as a result of the incident at issue plus interest at the rate of 9% per annum from the date of the claim.
>
> The claim under the insurance policy was for losses of $175,000. As a consequence of Defendants' failure to pay for the losses, Square Deal closed its business after Defendants denied its claim. By closing the business due to Defendants' failure to pay the claim, Square Deal lost $490,000 in profits from the loss of sales that would have been made after the date of closure. These profits would have been earned by Square Deal had Defendants met their contractual obligations and timely paid the claim. Therefore, Plaintiff claims total damages of $765,000 plus pre- and post-judgment interest at the statutory rate of 9% per annum.

Amended Complaint (#20) at pp. 2-3.

Defendant seeks summary judgment to the extent plaintiff raises a bad faith tort claim contending that ORS § 746.230 does not support such a private cause of action. Plaintiff does not respond to this contention and the motion for summary judgment is granted as to any

purported bad faith claim under ORS § 746.230.  See <u>Farris v. United States Fidelity and Guaranty Co.</u>, 284 Or. 453, 458 (1978) (bad faith refusal to pay policy benefits sounds in contract and is not an actionable tort in Oregon).

Defendant also seeks summary judgment contending that this lawsuit is barred by the contractual two-year action limitation provision contained within the subject policy.  Defendant also contends that plaintiff is not the correct party to bring the claim because Square Deal Lumber could not transfer its rights under the policy.  Plaintiff responds that the murder of an employee qualifies as loss under the business interruption policy and thus it is entitled to summary judgment itself.  Plaintiff also asserts that defendant's breach of the contract by denying the claim excuses plaintiff's failure to comply with the two-year limitation or that defendant is estopped from asserting the limitation, and that defendant is also precluded from asserting the non-transfer provision due to its breach.

A.   Two-Year Limitation

Plaintiff's alleged date of loss is March 1, 2000.  Plaintiff filed this action on December 7, 2007.  ORS § 742.240 provides that a fire insurance policy shall contain the following:

> "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been

    complied with, and unless commenced within 24 months next after inception of the loss."

The policy was an all risk policy that insured against damage to property from multiple causes including fire. ORS § 742.202 provides certain provisions such as the limitation provision must be in "all insurance policies providing fire coverage." Molodyh v. Truck Ins. Exchange, 304 Or. 290, 293 (1987) (referring to predecessor ORS § 743.606). However, ORS § 742.204 provides that policies that include coverage against fire and substantial coverage against other perils need not comply with ORS § 742.202 if other requirements are met. The Oregon courts have held that a policy that insures "losses to property from sources other than fire does not mean that it is not also a fire insurer." Fleming v. United Services Auto. Ass'n, 330 Or. 62, 68 (2000). However, the court also stated that under ORS § 742.204, "a policy of insurance that provides coverage for the peril of fire and substantial coverage against other perils does not need to comply with the requirements in ORS § 742.202 if the policy satisfies the three requirements listed in ORS § 742.204. One of those requirements is that the multi-peril policy must provide coverage with respect to the peril of fire that is not less than the substantial equivalent of the coverage afforded by the standard fire insurance policy." Id. at 69. The limitation provision is not required in this case.

Although, the policy may not have been required by the statute to have the two-year provision, it did in fact provide that no action

4 - ORDER

under the coverage portion of the policy may be brought unless it is within two years after the date of the direct physical loss or damage occurred. Plaintiff did not bring this action within the time period required by the contract.

Plaintiff contends that the murder caused damage to about 5-10 square of feet of property (in a non-retail area of the business not open to customers) because of blood spill and that caused the police to order the business closed for three days. The policy provided coverage for suspension of business caused by damage to the property. There is insufficient evidence to suggest the police ordered the business closed because of the damage. The order to close would have been made even if no damage to the property occurred so that the police could investigate the murder. Even absent the limitation, plaintiff would not be able to demonstrate a breach with respect to the lost business and the small amount of damage is likely below the deductible amount as well.[1] Plaintiff's strained argument that the property damage is the proximate cause of the police investigation and closure has no merit as no reasonable fact finder could conclude

---

[1] Plaintiff also makes a strained argument under the employee personal effects provision related to the bullet hole in the victim's shirt. However, plaintiff in this case relies on the policy in effect subsequent to the policy in effect at the time of the incident and the subject policy did not contain such a provision and it is not reasonable to conclude that the hole in the shirt resulted in the business interruption.

that the police would not have investigated a murder that did not result in any physical property damage.[2]

In this case, the limitation should be considered a contract condition. Plaintiff argues that it is excused from performing the contract condition because of the prior breach of defendant in failing to pay the claim because, plaintiff contends, the breach was total.

Even if statutorily required, the limitation is a contract condition rather than a statute of limitations. Herman v. Valley Ins. Co., 145 Or. App. 124, 130 (1996). A condition of forfeiture exists when "there is insurance coverage for the loss in the first place, but acts of the insured nullify the coverage ABCD ... Vision v. Fireman's Fund Ins. Companies, 304 Or. 301, 307 (1987). A condition of forfeiture disallows claims that otherwise are covered under a policy. A suit limitation provision, by contrast, does not nullify insurance coverage. Rather, it precludes an insured from starting an action against its insurer once the limitation period has passed, regardless of the extent of coverage. Plaintiff contends it need not comply with the condition because defendant's breach is so material so as to justify its refusal to comply with the condition. See Wasserburger v. American Scientific Chemical, Inc., 267 Or. 77, 82 (1973). However, in this case, plaintiff fails to appreciate that

---

[2]Although plaintiff notes that the blood spatter had to be cleaned, there is no reasonable suggestion that the clean-up caused the closure for three days.

6 - ORDER

the condition does not even arise until there is a breach.[3] Courts are to assume that parties to an insurance contract do not create meaningless provisions. See New Zealand Ins. v. Griffith Rubber, 270 Or. 71, 75 (1974) (an insurance policy is to be reasonably interpreted "so that no part of it is ignored and effect can be given to every word and phrase"). Moreover, plaintiff is not seeking to nullify the contract, only the provisions it finds objectionable. Plaintiff wants to enforce the contract as against defendant for the supposedly material breach that it contends renders the contract unenforceable against plaintiff. If plaintiff elects to assert such a material breach, it has the option of repudiating the contract or seeking damages under it. When one party to a contract has repudiated it, the other party to the contract has alternate remedies of accepting rescission of the contract and seeking restitution or bringing an action for damages under the contract. Bollenback v. Continental Casualty Co., 243 Or. 498, 414 P.2d 802 (1966). Here, plaintiff seeks damages under the contract and, therefore, all of its terms are applicable. Plaintiff may not selectively enforce only favorable provisions of the contract. Pickinpaugh v. Morton, 268 Or. 9, 519 P.2d 91 (1974). Plaintiff also argues that defendant is estopped from asserting the provision because it did not provide it with the contract.

---

[3]Plaintiff contends that the provision is only enforceable where the coverage is not disputed but only the amount recoverable is.

7 - ORDER

B.  Estoppel

Under the proper circumstances, an insurer may be estopped from asserting a suit limitation provision as a defense to liability on an insurance policy.  Moore v. Mutual of Enumclaw Ins. Co., 317 Or. 235, 244 n. 7 (1993).[4]

To succeed on an estoppel claim, plaintiff must show (1) a false representation; (2) made with knowledge of the facts and that plaintiff was ignorant of the truth; (4) made with the intention that it should be acted upon by the plaintiff; and (5) plaintiff was induced to act upon it.  Plaintiff here asserts that it was never provided with a copy of the policy.[5]  Plaintiff contends that the failure to provide the policy is false representation by omission, that it was ignorant of the two-year limit, that defendant intended that plaintiff would delay filing the claim based on the omission and that plaintiff in fact failed to timely file because of the omission.

Plaintiff's argument fails if the statutory requirement for the provision is applicable because ignorance of the law would not support an estoppel claim.  But even though statute is not applicable, plaintiff admits it did have a copy of the 2000-01 policy and that policy also contained the limitation provision.  As noted

---

[4] It should be noted that plaintiff has not pleaded estoppel in its complaint or at any time prior to responding to defendant's summary judgment motion and is likely precluded from rasing the issue now.

[5] However, plaintiff at least had a copy of the subsequent 2000-01 policy.  In its reply, plaintiff also seems to contend that not even Square Deal received a copy of the policy.

8 - ORDER

above, plaintiff relies on the employee personal effects provision from that policy, thus it would not be reasonable to conclude that it did not think the limitation provision in the policy applied.  In its reply, plaintiff now contends that it did not even get the 2000-01 policy until after the inception of this lawsuit.  However, in his declaration, Gene Pfeifer, the president of the original insured Square Deal states:

> The insurance policy and contractual documents limiting coverage, such as the term that placed a two year limitation for filing an action, was never disclosed to us from the date of loss on March 1, 2000 until after this law suit was filed in December of 2007, Hartford sent a copy of a policy but it was for the 2000-2001 policy year, not the 1999-2000 policy that was at issue here. I have yet to see a copy of the correct policy, if it exists.

Declaration of Gene Pfeifer (#34) at ¶ 11.

The declaration indicates that it was only the 1999-00 policy that Square Deal and/or Trust Solutions did not have.  The record in this case demonstrates that at a minimum Square Deal had a copy of a policy with the limitation such that plaintiff could not have been induced to fail to timely file because of an omission of defendant to disclose the limitation.  Defendant's motion for summary judgment is, therefore, granted.

9 - ORDER

CONCLUSION

For the reasons stated above, defendant's motion for summary judgment (#24) is granted and plaintiff's cross motion for summary judgment (#35) is denied.  This action is dismissed.

DATED this ___28th___ day of August, 2008.

                               ___s/ Michael R. Hogan___
                               United States District Judge